# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. STEVEN RICHARD YOUNG, Defendant. | No. CR02-0035-LRR<br>C04-0106-LRR<br><br>ORDER |

___

## TABLE OF CONTENTS

*I.    INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*
*II.   BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*
*III.  EVIDENTIARY HEARING* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *8*
*IV.   STANDARD FOR REVIEWING A REPORT AND RECOMMENDATION* . *9*
*V.    LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *9*
    *A.   Standards Applicable to Motion Pursuant to 28 U.S.C. § 2255* . . . . . *9*
        *1.   Procedural default* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *10*
        *2.   Prior ruling* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *12*
    *B.   Review of Defendant's Motion Pursuant to 28 U.S.C. § 2255* . . . . . *12*
        *1.   Ineffective assistance of counsel* . . . . . . . . . . . . . . . . . . . *12*
            *a.   Counsel's conduct prior to sentencing* . . . . . . . . . . *14*
            *b.   Counsel's conduct at sentencing* . . . . . . . . . . . . . . *14*
            *c.   Counsel's conduct on appeal* . . . . . . . . . . . . . . . . *15*
            *d.   Remaining arguments* . . . . . . . . . . . . . . . . . . . . . *15*
        *2.   Illegality of the plea agreement* . . . . . . . . . . . . . . . . . . . *15*
        *3.   U.S.S.G. § 1B1.8* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *16*
        *4.   Guilty plea* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *16*
        *5.   Conduct of United States Attorney* . . . . . . . . . . . . . . . . . *17*
    *C.   Certificate of Appealability* . . . . . . . . . . . . . . . . . . . . . . . . . . . *17*
*VI.   CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *19*

## I. INTRODUCTION

The matters before the court are a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion")[1] filed by Defendant Steve Richard Young ("Defendant") and a Report and Recommendation on the Motion filed by Chief Magistrate Judge John A. Jarvey ("Report and Recommendation"). Also before the court is Defendant's Objections to Chief Magistrate Judge Jarvey's Report and Recommendation ("Objections").

## II. BACKGROUND

On April 23, 2002, Defendant was involved in a traffic stop in Grundy County. A consent search of the car revealed fifteen ounces of methamphetamine, a half of a pound of marijuana, scales and an address book or drug ledger. After a law enforcement officer informed Defendant his *Miranda* rights, Defendant confessed that he purchased and sold about thirty pounds of methamphetamine and that he was in transit to Marshalltown, Iowa to deliver a portion of the fifteen ounces of methamphetamine to Melanie Kaye Morley.

On May 10, 2002, the government filed a criminal complaint against Defendant. On May 13, 2002, the court appointed Mr. Frank Santiago to represent Defendant.[2]

On May 21, 2002, the grand jury charged Defendant and Morley in a four count Indictment. Count 1 charged that, beginning in or about January 2002 and continuing

---

[1] If a prisoner is in custody pursuant to a sentence imposed by a federal court and such prisoner claims "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, [the prisoner] may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255; *see also Daniels v. United States*, 532 U.S. 374, 377, 121 S. Ct. 1578, 149 L. Ed. 2d 590 (2001).

[2] Mr. Santiago represented Defendant through sentencing and filed an *Anders* brief regarding Defendant's direct appeal.

through April 23, 2002, Defendant and Morley did knowingly and unlawfully combine, conspire, confederate and agree with other persons known and unknown to the grand jury to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 18 U.S.C. § 846. Count 2 charged that, on or about April 23, 2002, Defendant did knowingly and intentionally possess with the intent to distribute approximately fifteen ounces of a mixture or substance containing a detectable amount of methamphetamine, in violation of 18 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Count 3 charged that, on or about April 23, 2002, Defendant did knowingly possess with the intent to distribute approximately a half of a pound of a mixture or substance containing a detectable amount of marijuana, in violation of 18 U.S.C. §§ 841(a)(1) and 841(b)(1)(D). Count 4 charged that, in committing the felony offense alleged in Count 1 of the Indictment, Defendant and Morley used or intended to use approximately $17,000 in United States currency to commit or to facilitate the commission of the said controlled substance violation, or the $17,000 in United States currency constitutes or is derived from proceeds obtained directly or indirectly as a result of the commission of Count 1. Count 4 also charged that the $17,000 in United States currency must be forfeited pursuant to 21 U.S.C. § 853.

On June 28, 2002, Defendant filed a Motion to Suppress. In the Motion to Suppress, Defendant alleged that law enforcement officers promised that any information provided by Defendant during an interview would not be used against him and that the law enforcement officers did not keep their promise. On July 8, 2002, Defendant withdrew his Motion to Suppress.

The government and Defendant entered into a plea agreement. The plea agreement, among other things, stipulated that: (1) the government made no promise, implied or otherwise, that a departure motion would be made or that Defendant would be granted a departure for substantial assistance; (2) the parties' discussions did not result in any express or implied promise or guarantee concerning the actual sentence to be imposed; (3)

Defendant would have no right to withdraw his guilty plea if the sentence imposed or the application of the United States Sentencing Guidelines ("U.S.S.G.") is other than he hoped for or anticipated; (4) Defendant's base offense level should be 36; and (5) defense counsel represented Defendant in a competent manner and Defendant had no complaints about defense counsel's representation.

On July 22, 2002, Defendant filed a Written Consent to Proceed before a United States Magistrate Judge. On August 2, 2002, Defendant appeared before Chief Magistrate Judge Jarvey for a change of plea hearing. At such hearing, Defendant pleaded guilty to Count 1 of the Indictment. Chief Magistrate Judge Jarvey, among other things, concluded that Defendant knowingly and voluntarily pleaded guilty and the offense charged was supported by an independent factual basis. Further, Chief Magistrate Judge Jarvey advised Defendant that he could plead not guilty and proceed to trial and that, by pleading guilty, he was waiving certain rights. Chief Magistrate Judge Jarvey also informed Defendant of his possible sentence under the U.S.S.G. Additionally, Defendant stated at the hearing that he was satisfied with the representation provided by Mr. Santiago. Ultimately, Chief Magistrate Judge Jarvey entered a Report and Recommendation that a United States District Court Judge Accept Defendant's Plea of Guilty. On August 16, 2002, Chief District Court Judge Mark W. Bennett accepted the Report and Recommendation concerning Defendant's Plea of Guilty.

On September 30, 2002, Defendant filed a pro se Motion to Withdraw Guilty Plea. In his Motion to Withdraw Guilty Plea, Defendant made several allegations, including that: (1) he did not understand that he was giving up his constitutional right to a trial and to appeal; (2) the evidence against him was gathered illegally and is inadmissible; (3) his rights guaranteed by the Fifth Amendment of the U.S. Constitution were violated; (4) the government denied him access to his discovery file; (5) the government should have but did not follow U.S.S.G. § 1B1.8; (6) the government violated Federal Rule of Criminal Procedure 12; and (7) the government wrote the plea bargain in bad faith. The

4

government resisted Defendant's Motion to Withdraw Guilty Plea. On October 10, 2002, the court held a hearing on Defendant's Motion to Withdraw Guilty Plea and Defendant orally withdrew his motion at the hearing.

The court set Defendant's sentencing hearing for January 24, 2003. Prior to sentencing, Defendant filed a pro se Motion for Downward Departure from Sentencing Guidelines and Defendant's counsel filed a Memorandum in Support of United States Sentencing Guideline § 5K2.0 Downward Departure. On January 24, 2003, the court started the calculation of the offense level by using the number stipulated to by the parties, that is, 36, and it adjusted Defendant's offense level to 33 based on acceptance of responsibility. The court determined Defendant's criminal history category to be VI. Given Defendant's adjusted offense level and criminal history category, the guideline range was 253 to 293 months imprisonment. The court granted the government's motion pursuant to U.S.S.G. § 5K1.1 and reduced Defendant's sentence by 35%. The court committed Defendant to the custody of the United States Bureau of Prisons for a total term of 173 months imprisonment, remanded Defendant to the custody of the United States Marshal and dismissed Counts 2, 3 and 4.

On January 29, 2003, Defendant appealed his sentence to the Eighth Circuit Court of Appeals. On appeal, Defendant made several arguments, including: (1) the search leading to his arrest was illegal and his confession was involuntary; (2) the information he provided while cooperating with law enforcement officials should not have been used against him; (3) Chief Magistrate Judge Jarvey did not adequately apprise him of the sentencing court's ability to depart from the U.S.S.G.; (4) the sentencing court did not adequately consider his pro se motion for downward departure; (5) Morley's plea to a lesser charge invalidates his Indictment; and (6) he did not receive effective assistance of counsel. *United States v. Young*, 75 Fed. Appx. 522, 524 (8th Cir. 2003). On September 10, 2003, the Eighth Circuit Court of Appeals rejected each of Defendant's arguments and affirmed Defendant's conviction and resulting sentence. *Id.*

5

On November 13, 2003, Defendant filed a pro se Motion to Correct Sentence pursuant to Federal Rule of Criminal Procedure 35 and 18 U.S.C. § 3582(c)(2). The court considered Defendant's arguments and denied Defendant's Motion to Correct Sentence pursuant to Federal Rule of Criminal Procedure 35 and 18 U.S.C. § 3582(c)(2).

On August 16, 2004, Defendant filed the instant Motion. In the Motion, Defendant challenges his conviction and sentence on the following grounds:

1. the government violated his rights guaranteed by the First Amendment by not using U.S.S.G. § 1B1.8;

2. the government violated his rights guaranteed by the Fifth Amendment;

3. his criminal history was overstated;

4. his right to a jury trial guaranteed by the Sixth Amendment was violated because a judge, not a jury, sentenced him outside of the guideline range;

5. his right to effective assistance of counsel guaranteed by the Sixth Amendment was violated;

6. his confession was coerced in violation of the Fourteenth Amendment;

7. the consent search violated his rights guaranteed by the Fourth Amendment;

8. his coconspirators were sentenced to disparate terms of imprisonment;

9. Defendant suffered prejudice amounting to a miscarriage of justice;

10. the Indictment was unlawful;

11. the government breached a cooperation agreement;

12. the conduct of the United States Attorney was unethical;

13. he withdrew from the conspiracy; and

14. he was in poor health.

On March 1, 2005, the government filed a resistance. On March 23, 2005, Defendant filed a reply.

On June 28, 2005, Chief Magistrate Judge Jarvey filed a Report and Recommendation which recommended that the Motion be denied. Defendant timely filed Objections to the Report and Recommendation. Specifically, Defendant objected on several grounds:

1. the plea agreement was illegal;
2. the government erred by not using U.S.S.G. § 1B1.8;
3. the government broke its promise that no incriminating statements would be used;
4. his attorney coerced him into pleading guilty;
5. he will suffer prejudice by being incarcerated for too long;
6. he was prejudiced by ineffective assistance of counsel;[3] and
7. the conduct of the United States Attorney was improper and unethical.

In his Objections, Defendant expressly objected to the conclusion that his rights guaranteed by the Fifth and Sixth Amendments were not violated and that the conduct of the United States Attorney was not unethical.

---

[3] In his Objections, Defendant alleged that he received ineffective assistance of counsel because (1) counsel violated his rights guaranteed by the Sixth Amendment; (2) the closing argument at sentencing was perfunctory and inadequate; (3) no evidence was presented at sentencing; (4) counsel failed to test the government's allegations at sentencing; (5) counsel failed to discuss appealing the guilty plea or sentence; (6) counsel's representation was inadequate; (7) counsel never attended the presentence investigation interview; (8) counsel misrepresented the possible term of imprisonment; (9) counsel underestimated the possible sentence; (10) counsel misrepresented the desirability of pleading guilty; (11) counsel never objected to the presentence investigation report; (12) counsel did not present evidence showing the United States Attorney mislead Defendant at sentencing; and (13) counsel did not prepare for the case.

## III. EVIDENTIARY HEARING

Defendant asks the court to grant him an evidentiary hearing on the Motion. A district court is given discretion in determining whether to hold an evidentiary hearing on a motion under 28 U.S.C. § 2255. *See United States v. Oldham*, 787 F.2d 454, 457 (8th Cir. 1986). In exercising that discretion, the district court must determine whether the facts alleged, if true, would entitle the movant to relief. *See Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996). A district court may consider and dismiss a motion pursuant to 28 U.S.C. § 2255 without a hearing, even if the petitioner requests one, "if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact." *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998); *see also* Rule 8 of the Rules Governing Section 2255 Proceedings. Stated differently, a 28 U.S.C. § 2255 motion can be dismissed without a hearing where "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see also Standing Bear v. United States*, 68 F.3d 271, 272 (8th Cir. 1995) (per curiam).

A thorough review of the record leads the court to conclude that it is able to resolve Defendant's claims from the record. Thus, there is no need for an evidentiary hearing. *See Rogers v. United States*, 1 F.3d 697, 699 (8th Cir. 1993) (holding "[a]ll of the information that the court needed to make its decision with regard to [the defendant's] claims was included in the record . . . ." and, therefore, the court "was not required to hold an evidentiary hearing" (citing Rule 8(a) of the Rules Governing Section 2255 Proceedings and *United States v. Raddatz*, 447 U.S. 667, 674, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980))). The court finds the legal issues involved in these filings do not require an evidentiary hearing. Accordingly, Defendant's request for an evidentiary hearing shall be denied.

## IV. STANDARD FOR REVIEWING A REPORT AND RECOMMENDATION

The standard of review to be applied by the district court to a report and recommendation of a magistrate judge is established by statute:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b) (requiring de novo review of a magistrate judge's recommendation on dispositive motions and prisoner petitions). The Eighth Circuit Court of Appeals has repeatedly held that it is reversible error for the district court to fail to conduct a de novo review of a magistrate judge's report where such review is required. *See, e.g., United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003); *Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir. 1996); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995); *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994). However, the plain language of the statute governing review provides only for de novo review of "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Therefore, portions of the proposed findings or recommendations to which no objections were filed are reviewed only for "plain error." *See Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (reviewing factual findings for "plain error" where no objections to the magistrate judge's report were filed).

## V. LEGAL ANALYSIS

### A. Standards Applicable to Motion Pursuant to 28 U.S.C. § 2255

Title 28, United States Code, section 2255 allows a prisoner in custody under sentence of a federal court to move the sentencing court to vacate, set aside or correct a sentence. 28 U.S.C. § 2255. To obtain relief pursuant to 28 U.S.C. § 2255, a federal prisoner must establish: (1) the sentence was imposed in violation of the Constitution or

laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) his sentence is otherwise subject to collateral attack. *See Hill v. United States*, 368 U.S. 424, 426-27, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962) (citing 28 U.S.C. § 2255).

Although it appears to be broad, 28 U.S.C. § 2255 does not provide a remedy for "all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185, 99 S. Ct. 2235, 60 L. Ed. 2d 805 (1979). Rather, 28 U.S.C. § 2255 is intended to redress only "fundamental defect[s] which inherently [result] in a complete miscarriage of justice" and "omission[s] inconsistent with the rudimentary demands of fair procedure." *Hill*, 368 U.S. at 428; *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987))). A collateral challenge under 28 U.S.C. § 2255 is not interchangeable with or substitutable for a direct appeal. *See United States v. Frady*, 456 U.S. 152, 165, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982) (making clear a motion pursuant to 28 U.S.C. § 2255 will not be allowed to do service for an appeal). Consequently, "[a]n error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *Id.* (internal quotation marks and citation omitted).

### 1. *Procedural default*

In addition, defendants ordinarily are precluded from asserting claims they failed to raise on direct appeal. *See McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001). "A defendant who has procedurally defaulted a claim by failing to raise it on direct review may raise the claim in a [28 U.S.C. §] 2255 proceeding only by demonstrating cause for the default and prejudice or actual innocence." *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 622, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)); *see also Massaro v. United*

10

*States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003) ("[T]he general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the [defendant] shows cause and prejudice."). "'[C]ause' under the cause and prejudice test must be something *external* to the [defendant], something that cannot be fairly attributed to him." *Coleman v. Thompson*, 501 U.S. 722, 753, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991) (emphasis in original). If a defendant fails to show cause, a court need not consider whether actual prejudice exists. *McCleskey v. Zant*, 499 U.S. 467, 501, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991). Actual innocence under the actual innocence test "means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623-24. *See also McNeal*, 249 F.3d at 749 ("[A] defendant must show factual innocence, not simply legal insufficiency of evidence to support a conviction.").[4]

Since there is no inequity that results from requiring a defendant to bear the risk of attorney error that results in a procedural default, *see Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986), there certainly cannot be any unfairness in that same defendant facing the consequences of decisions made during self-representation. *Cf. Massaro*, 538 U.S. at 509 (concluding a defendant who challenges a federal conviction under 28 U.S.C. § 2255 may raise an ineffective assistance of counsel claim even if he could have raised it on direct appeal but did not). Defendant represented himself on appeal to the Eighth Circuit Court of Appeals. Defendant undoubtedly could have raised the instant challenge in his post-trial motions and on direct appeal. Any errors during such representation are attributable to Defendant and cannot be attributed to an allegation of ineffective assistance of counsel. In addition, Defendant does not allege that

---

[4] The procedural default rule applies to a conviction obtained through trial or through the entry of a guilty plea. *See United States v. Cain*, 134 F.3d 1345, 1352 (8th Cir. 1998); *Walker v. United States*, 115 F.3d 603, 605 (8th Cir. 1997); *Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997); *Thomas v. United States*, 112 F.3d 365, 366 (8th Cir. 1997); *Reid v. United States*, 976 F.2d 446, 448 (8th Cir. 1992).

he is actually innocent. Indeed, Defendant could not make such an allegation in light of his admissions. *See McNeal*, 249 F.3d at 749.

### 2. Prior ruling

Furthermore, "[i]t is well settled that claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255." *United States v. Shabazz*, 657 F.2d 189, 190 (8th Cir. 1981) (citing *Anderson v. United States*, 619 F.2d 772, 773 (8th Cir. 1980)); *see also Dall v. United States*, 957 F.2d 571, 572-73 (8th Cir. 1992) (relying on *Shabazz*, 657 F.2d at 190, when it concluded defendant could not raise claims already addressed on direct appeal); *United States v. Kraemer*, 810 F.2d 173, 177 (8th Cir. 1987) (concluding defendant "cannot raise the same issues in a [28 U.S.C. § 2255 motion] that have been decided on direct appeal or in a new trial motion"); *Butler v. United States*, 340 F.2d 63, 64 (8th Cir. 1965) (concluding defendant is not entitled to another review of his question).

## B. Review of Defendant's Motion Pursuant to 28 U.S.C. § 2255

### 1. Ineffective assistance of counsel

The Sixth Amendment of the United States Constitution provides, in pertinent part, that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his [or her] defen[s]e." U.S. Const., amend. VI. Furthermore, criminal defendants have a constitutional right to effective assistance of counsel in their first appeal. *Evitts v. Lucey*, 469 U.S. 387, 393-95, 105 S. Ct. 830, 83 L. Ed. 2d 821 (1985); *Douglas v. California*, 372 U.S. 353, 356-57, 83 S. Ct. 814, 9 L. Ed. 2d 811 (1963).

The Sixth Amendment right to effective counsel is clearly established. *See Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In *Strickland*, the United States Supreme Court explained that a violation of that right has two components:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687; *see also Williams v. Taylor*, 529 U.S. 362, 390, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000) (reasserting *Strickland* standard). Thus, *Strickland* requires a showing of both deficient performance and prejudice. However, "a court deciding an ineffective assistance claim [need not] address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on grounds of lack of sufficient prejudice, . . . that course should be followed." *Id.*; *see also Apfel*, 97 F.3d at 1076 ("[A court] need not address the reasonableness of the attorney's behavior if the movant cannot prove prejudice.").

To establish unreasonably deficient performance, a "defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The "reasonableness of counsel's challenged conduct [must be reviewed] on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. There is a strong presumption of competence and reasonable professional judgment. *Id.*; *see also United States v. Taylor*, 258 F.3d 815, 818 (8th Cir. 2001) (operating on the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" (quoting *Strickland*, 466 U.S. at 689)); *Sanders v. Trickey*, 875 F.2d 205, 210 (8th Cir. 1989) (broad latitude to make strategic and tactical choices regarding the appropriate action to take or refrain from taking is afforded when acting in a representative capacity (citing *Strickland*, 466 U.S. at 694)). In sum, the court must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the range of professionally competent assistance." *Strickland*, 466 U.S. at 690.

To establish prejudice, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id*. at 693. Rather, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694; *accord United States v. Cruz-Padilla*, 138 Fed. Appx. 872, 873 (8th Cir. 2005) (citing *Strickland*, 466 U.S. at 687-89, 694).

### a. *Counsel's conduct prior to sentencing*

Defendant alleges that he received ineffective assistance of counsel for several reasons, including that his counsel: (1) failed to discuss appealing the guilty plea or sentence; (2) never attended the presentence investigation interview; (3) promised a sentence between five and seven years in length; and (4) did not prepare for the case. Defendant has not supported these allegations with any specific facts in the record. Moreover, these allegations are contrary to the facts in the record. At the guilty plea hearing and the sentencing hearing, the court and Defendant's counsel discussed the right to appeal and the length of Defendant's potential sentence. Furthermore, Defendant's counsel adequately prepared for the case. Defendant's counsel filed a motion arguing that Defendant was entitled to super acceptance of responsibility and the court granted a U.S.S.G. § 5K1.1 motion. Defendant has failed to show that the conduct of Defendant's counsel fell below an objective standard of reasonableness and that he suffered prejudice as a result.

### b. *Counsel's conduct at sentencing*

Defendant further alleges that he received ineffective assistance at sentencing because his counsel never tested the government's assertions, never presented evidence showing that the government mislead him, never presented evidence of any mitigating circumstance and gave an ineffective closing argument. Despite making such allegations, Defendant never articulates how the government's assertions should have been tested, what

evidence should have been presented and how the closing argument could have been more effective. Moreover, Defendant asserts, without any support in the record, that his sentence would have been different if he had received effective assistance of counsel. Defendant has not shown that counsel's performance was deficient and has not shown that the allegedly deficient performance prejudiced him.

### c. *Counsel's conduct on appeal*

Defendant also alleges that counsel provided ineffective assistance on appeal because counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 18 L. Ed. 493, 87 S. Ct. 1396 (1967). On appeal, the Eighth Circuit Court of Appeals, "reviewed the record independently pursuant to *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), and . . . found no nonfrivolous issues." *Young*, 75 Fed. Appx. at 554. Accordingly, Defendant was not denied effective assistance of counsel because, on appeal, Defendant only made frivolous allegations.

### d. *Remaining arguments*

The court has thoroughly reviewed the rest of Defendant's allegations regarding ineffective assistance of counsel and concluded that the allegations are conclusory or vague, wholly without support in the record or are not accompanied by any claim or showing of prejudice. Defendant has not shown that counsel's performance fell below an objective standard of reasonableness or that he suffered prejudice as a result of counsel's performance. Therefore, Defendant's constitutional right to effective assistance of counsel has not been violated.

### 2. *Illegality of the plea agreement*

Defendant asserts that "[t]he mandatory Sentencing Guidelines themselves make the plea agreement illegal." Defendant never challenged the legality of the plea agreement on direct appeal, even though he represented himself on appeal. Defendant has not shown that the failure to previously present this issue was the result of circumstances outside of his control and that the errors of which he complains created actual and substantial

15

disadvantage. *See McNeal*, 289 F.3d at 749. By not raising the issue on appeal, Defendant has procedurally defaulted this claim. Defendant has not shown cause which would excuse the procedural default. Therefore, the court denies Defendant's request for relief on grounds that the plea agreement was illegal.

### 3. *U.S.S.G. § 1B1.8*

Defendant alleges that he suffered prejudice because the government used his self-incriminating statements against him. He argues that he was entitled to the protections of U.S.S.G. § 1B1.8. U.S.S.G. § 1B1.8 provides:

> Where a defendant agrees to cooperate with the government by providing information concerning unlawful activities of others, and as part of that cooperation agreement the government agrees that self-incriminating information provided pursuant to the agreement will not be used against the defendant, then such information shall not be used in determining the applicable guideline range, except to the extent provided in the agreement.

U.S.S.G. § 1B1.8.

On appeal, Defendant made similar arguments and the Eighth Circuit Court of Appeals rejected them. The Eighth Circuit Court of Appeals held that Defendant's "argument that his cooperation information should not have been used to calculate his sentence is foreclosed by his plea agreement stipulations, *see United States v. Nguyen*, 46 F.3d 781, 783 (8th Cir. 1995)[.]" *Young*, 75 Fed. Appx. at 554. Because this issue was raised and decided on direct appeal, the court shall deny Defendant's request for relief.

### 4. *Guilty plea*

Defendant asserts that Mr. Santiago coerced him into signing the plea agreement. Defendant never asserted this argument on direct appeal and has not shown that the failure to previously present this issue was the result of circumstances outside of his control ("cause") and that the errors of which he complains created actual and substantial disadvantage ("prejudice"). *See McNeal*, 249 F.3d at 749. It is virtually impossible for

Defendant to show cause in this case for the decisions made, since they were all within his control by virtue of his self-representation on appeal. Therefore, the court denies Defendant's request for relief on the ground that he was coerced into signing the plea agreement.

### 5. *Conduct of United States Attorney*

In his Objections to the Report and Recommendation, Defendant alleges that he appealed his sentence on the ground that the government had been unethical and the Eighth Circuit Court of Appeals never addressed the ground.[5] When addressing Defendant's appeal, the Eighth Circuit Court of Appeals, "reviewed the record independently pursuant to *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), and . . . found no nonfrivolous issues." *Young*, 75 Fed. Appx. at 554. Stated differently, the Eighth Circuit Court of Appeals already reviewed this ground and concluded that Defendant's argument was frivolous. Accordingly, the court will not grant Defendant's request for relief on this ground.

## C. *Certificate of Appealability*

In a 28 U.S.C. § 2255 proceeding before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. *See* 28 U.S.C. § 2253(a). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *See* 28 U.S.C. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a defendant has made a substantial showing of the denial of a

---

[5] The government asserts that Defendant never raised this ground on appeal. Nonetheless, for purposes of the Motion, the court accepts all of Defendant's allegations as true. Assuming that Defendant never raised this ground for relief on appeal, the ground has been procedurally defaulted and Defendant has not shown cause and prejudice excusing the procedural default.

constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)); *see also Miller-El*, 537 U.S. at 335-36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: the [defendant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [defendant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the court finds Defendant failed to make the requisite "substantial showing" with respect to all of the claims he raised in his 28 U.S.C. § 2255 motion. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because he does not present questions of substance for appellate review, there is no reason to grant a certificate of appealability. Accordingly, a certificate of appealability shall be denied. If he desires further review of his 28 U.S.C. § 2255 motion, Defendant may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

## VI. CONCLUSION

For the foregoing reasons, Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (docket no. 105) is DENIED and the court ADOPTS Chief Magistrate Judge Jarvey's well reasoned Report and Recommendation (docket no. 120) despite Defendant's Objections (docket no. 121). For the reasons previously explained, Defendant's request for an evidentiary hearing is DENIED. Finally, a certificate of appealability is DENIED.

**IT IS SO ORDERED**.

**DATED** this 5th day of September, 2006.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA